IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHADLIN LEAVY, *et al.*

    Defendants.

Criminal No. 19-0160
Criminal No. 19-0163

ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO COMPASSIONATE RELEASE 18 USC §3582(c)(1)(A)**

Before the Court is Defendant, Chadlin Leavy's, motion for reduction of sentence pursuant to 18 USC §3582(c)(1)(A) for compassionate release. ECF 279 in case no. 19-cr-160, and ECF 328 in case no. 19-cr-0163. The Government filed a response in opposition. ECF 281 in case no. 19-cr-160, and ECF 331 in case no. 19-0163. The Court will DENY the motion for the reasons that follows.

**I. BACKGROUND**

Defendant pled guilty pursuant to a plea agreement with the Government to two counts of conspiracy to distribute illegal drugs – heroin and cocaine – in one case (case no. 19-cr-160), and simultaneously pled guilty to a lesser included offense of conspiracy to distribute another illegal drug – marijuana – in a second case (case no. 19-0163). At the time of the change of plea hearing, Defendant testified under oath. Defendant was sentenced on January 21, 2021, to a combined term of sixty months imprisonment and eight years of supervised release.

The plea agreement which resolved both cases involving Defendant came about after Defendant was caught by the FBI who, through a wiretap, had been investigating a street gang based out of Braddock, Pennsylvania, called "SCO." It was through the wiretap that the FBI was able to establish that Defendant was supplying cocaine to one Codefendant in case no. 19-cr-0160, heroin to a different Codefendant in case no. 19-cr-0160, and marijuana to a Codefendant in case no. 19-cr-0163. A search warrant was executed at Defendant's residence and law enforcement recovered, among other things, handguns, a shot gun, and related ammunition.

Defendant's plea agreement indicated that Defendant was pleading guilty to "Counts One and Two of the Indictment at Criminal No. 19-160, charging him with conspiracy to distribute 100 grams or more of heroin at Count One and conspiracy to distribute 500 grams or more of cocaine at Count Two," and that he was also pleading guilty "to a lesser included offense at Count One of the Indictment at Criminal No. 19-163, charging him with conspiracy to distribute 100 kilograms or more of marijuana[.]" The plea agreement also required Defendant to forfeit:

> (6) One (1) FN Herstal Five-Seven pistol, bearing serial number 386233874 with one (1) black gun box;
>
> (7) One (1) Ruger P95 9 mm pistol, bearing serial number 316-531 77 with related magazine;
>
> (8) One (1) 12 gauge Mossberg 500 shotgun, bearing serial number U1 13384;
>
> (9) One (1) black Ruger LCR 38 SPL revolver, bearing serial number 544-03452;
>
> (10) Three (3) magazines for 5.7 x 28 mm ammunition;
>
> (11) One (1) Taurus magazine;
>
> (12) Two (2) rounds of 12-gauge ammunition;

      (13) One (1) round of 223 ammunition;

      (14) Seven (7) rounds of 5.7 x 28 mm ammunition;

      (15) Two (2) rounds of 50 caliber Alex-A ammunition;

      (16) Twenty-four (24) rounds of Homady 223 ammunition;

      (17) Thirty-eight (38) rounds of .50 caliber Alex-A ammunition;

      (18) Three (3) PMAG 30 magazines;

      (19) Forty (40) rounds of 5.7 x 28 mm ammunition;

      (20) Two (2) boxes of 87 rounds of 5.7 x 28 mm ammunition;

      (21) Eight (8) rounds of 12-gauge shotgun ammunition;

      (22) Ten (10) rounds of 40 caliber ammunition;

      (23) Thirteen (13) rounds of 9mm ammunition;

      (24) Two (2) rounds of Homady 223 REM ammunition;

      (25) Eleven (11) rounds of 9mm Luger ammunition;

      (26) Forty-one (41) rounds of 5.7 x 28 mm ammunition;

      (27) Six (6) rounds of 9 mm luger ammunition;

      (28) Eleven (11) rounds of 12 gauge shotgun ammunition;

      (29) Ten (10) rounds of .40 caliber ammunition;

      (30) Eleven (11) rounds of .38 special ammunition;

      (31) Twelve ( 12) rounds of Homady .3 8 special ammunition[.]

ECF 132-1 at case no. 19-cr-0160; ECF 143 at case no. 19-cr-0163.

      The plea agreement also indicated that:

> The parties further agree that the adjusted base offense level should be raised by a total of two (2) levels under the following section of the Guidelines: (a) 2B1.2(b)(l) (Possessing a Firearm). The foregoing

> stipulation does not preclude either party from seeking guideline enhancements or reductions as to factors which are not the subject of the stipulation above.

ECF 132-1 at case no. 19-cr-0160; ECF 143-1 at case no. 19-cr-0163.

During his sentencing hearing, the Court sentenced Defendant to an aggregate of 60 months imprisonment and eight years of supervised release. His term of imprisonment was below the guideline range, which suggested he serve 70-87 months imprisonment. His release date is December 30, 2024. See https://www.bop.gov/inmateloc/, last visited 2/15/2023.

Defendant filed the instant motion for compassionate release seeking a reduction in his 60-month term of imprisonment claiming that "if he was sentenced today, the two (2) level enhancement for possession of a weapon would be in applicable which constitutes 'extraordinary and compelling' reasons to grant [the] sentence reduction." ECF 279 at case no. 19-cr-010.

## II. STANDARD OF REVIEW

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. U.S.*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. U.S.*, 560 U.S. 817, 819 (2010) (stating, "[a] federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582, which provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of** Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation

4

> or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
> (2)
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

As explained by the United States Court of Appeals for the Third Circuit in *United States v. Badini*, 839 Fed. App'x 678 (3d Cir. Mar. 11, 2021):

> The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id*. § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," *id*. § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," *id*. § 3553(a)(2)(A)–(C).

*Badini,* 839 Fed App'x. at 678-79.

In determining what should be considered an "extraordinary and compelling reason" for sentence reduction under Section 3582, the United States Sentencing Commission has defined the contours of the test, in relevant part, as follows:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (3)
> (A) Medical Condition of the Defendant.
>   . . .

5

> (ii) The defendant is
>
>   (I) suffering from a serious physical or medical condition,
>
>   (II) suffering from a serious functional or cognitive impairment, or
>
>   (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1. Notably, the Court of Appeals for the Third Circuit recently held that: "The policy statement's descriptions of extraordinary and compelling circumstances can 'guide discretion without being conclusive'." *U.S. v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021) (quoting *U.S. v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

It is the defendant who bears the burden of proof, by a preponderance of the evidence, with respect to a motion for compassionate release brought pursuant to Section 3582(c)(1)(A). *U.S. v. Grasha*, Crim. No. 18-325, 2020 WL 5647829, at *2 (W.D. Pa. Sept. 24, 2020) (citations omitted).

Finally, there is an administrative exhaustion requirement that must be met before a defendant may file a Section 3582(c)(1)(A) motion with the Court. As explained by the Court of Appeals for the Third Circuit in *U.S. v. Harris,* 812 Fed. App'x. 106 (3d Cir. 2020), Section 3582(c)(1)(A) "states that the defendant may file the motion [for compassionate release pursuant to Section 3582(c)(1)(A)] thirty days after the warden receives his request." *Harris,* 812 Fed. App'x. at 107.

### III. ANALYSIS

As noted above, Defendant, who is seeking compassionate release, bears the burden of proof he has exhausted all administrative remedies before this Court can entertain his motion for same. Based on the evidence presented, Defendant <u>did</u> file a request for release from the Warden

at FCI Morgantown. ECF 281-1. In his request, Defendant indicated that he was seeking a sentence reduction based on "'extraordinary and compelling circumstances' that were not present at the time of [his] sentencing . . . ." Id. Defendant claimed that he was informed during sentencing that he would receive time off his sentence if he participated in the RDAP program while incarcerated, and noted that despite his participation in the program, he had been informed that did not qualify for time off his sentence because of the nature of his crimes. Id.

Unlike the request presented to the Warden, Defendant asks this Court for compassionate release claiming that the Court has the ability to revisit the two-level offense level enhancement for possessing a firearm. Defendant's basis for his compassionate release request before this Court completely differs from the basis of the request he made of the Warden. Therefore, the Court finds that Defendant has not exhausted his administrative remedies, and this Court has no jurisdiction over the matter. See, *United States v. Briston*, No. CR 05-321, 2022 WL 5109085, at *3 (W.D. Pa. Oct. 5, 2022) (holding that the BOP must "be given the opportunity to consider the same request made to the court."); and *United States v. McNair*, 481 F. Supp. 3d 362, 368 (D.N.J. 2020) ("Permitting inmates to bypass that requirement by presenting one reason for relief to the BOP and another to the Court would create an end-run around the exhaustion requirement and deprive the BOP of the opportunity to consider the request.").

Based on the evidence of the record, Defendant sought compassionate release from the Warden and this Court for different reasons. This Court is in agreement with other courts within this Circuit and finds that to consider the substance of Defendant's instant motion for compassionate release (which is predicated upon a reason that was never raised before the BOP), would enable Defendant and other inmates to "create an end-run around the exhaustion requirement and deprive the BOP of the opportunity to consider the request."

## IV. CONCLUSION

Therefore, the Court will deny Defendant's Motion for Reduction of Sentence Pursuat to Compassionate Release due to his failure to exhaust his administrative remedies.

AND NOW this 22nd day of February 2023, the Court **DENIES** Defendant's Motion for Reduction of Sentence Pursuant to Compassionate Release (ECF 279) for failure to exhaust his administrative remedies.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:     All ECF Registered Counsel of Record